**15 MAG 3842**

Approved: _____
 Max Nicholas
 Assistant United States Attorney

Before: James C. Francis IV
 United States Magistrate Judge
 Southern District of New York

- - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

 - v. -

LUIS GONZALEZ,

 Defendant

- - - - - - - - - - - - - - - - - - - - - - -

COMPLAINT

Violation of
18 U.S.C. §§
2252A(a)(2)(B),
2252A(a)(5)(B), and 2.

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

 KERI WALDEN, being duly sworn, deposes and says that she is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and charges as follows:

COUNT ONE
(Receipt of Child Pornography)

 From at least in or about March 28, 2014, up to and including at least in or about April 20, 2014, in the Southern District of New York and elsewhere, LUIS GONZALEZ, the defendant, knowingly did receive and attempt to receive material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, GONZALEZ received, by computer, images of child pornography.

 (Title 18, United States Code, Sections 2252A(a)(2)(B),
 (b)(1), and 2.)

COUNT TWO
(Possession of Child Pornography)

 From at least in or about March 28, 2014, up to and including at least in or about April 20, 2014, in the Southern

District of New York and elsewhere, LUIS GONZALEZ, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, GONZALEZ possessed, on a computer, images of child pornography.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I have been personally involved in the investigation of this matter. This affidavit is based upon my investigation, my conversations with other law enforcement agents, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. Based on my involvement in this investigation, my conversations with other law enforcement officers, and my review of records maintained by law enforcement as well as my review of a judicially authorized search warrant, I have learned the following:

    a. In or about March 2014, investigative software used by law enforcement personnel established a direct connection with a computer at IP address 69.123.63.161 (the "Subject IP Address"). After establishing this direct connection, on or about March 28, 2014, the investigative software downloaded three files that the computer at the Subject IP Address was making available over the Internet through P2P computer software.[1]

---

[1] Based on my training and experience as a law enforcement officer, I have learned that P2P software facilitates peer-to-

    b. One of the three files downloaded from the computer at the Subject IP Address was titled, "8 and 10 year old brother and sister have pthc sex.mpg."  Based on my training and experience, I have learned that "pthc" is a commonly used slang term for "pre-teen hard core," which in turn is a description of a type of child pornography.  Based on my review of reports prepared by law enforcement, I have learned that this file consisted of a video depicting a prepubescent boy and prepubescent girl engaging in sexual intercourse.

    c. The second of the three files downloaded from the computer at the Subject IP Address was titled, "(kinderkutje)(pthc)polla (girl 11y)_join_to_avi.avi."  Based on my training and experience, I have learned that a number followed by the letter "y" is a commonly used abbreviation for a person's age; for example, "11y" would connote that someone was 11 years old.  Based on my review of reports prepared by law enforcement, I have learned that this file consisted of a video depicting a prepubescent girl removing her clothes, exposing her genital area to the camera and rubbing her hands on her vagina.

    d. The third file downloaded from the computer at the Subject IP Address was titled, "! !new(pthc) brazil feb 03332.mpeg."  Based on my review of reports prepared by law enforcement, I have learned that this file consisted of a video depicting two prepubescent girls and two prepubescent boys rolling around on a bed and then engaging in sexual intercourse with each other.

    3. Based on my conversations with other law enforcement officers and my review of records maintained by law enforcement, as well as my review of a judicially authorized search warrant, I have learned that using information received from the internet service provider Cablevision, law enforcement determined that the account using the Subject IP Address on or around March 28, 2015 was registered to an internet service subscriber who identified himself as "LUIS GONZALEZ," the defendant.  Information received from Cablevision indicated that GONZALEZ resided in a certain apartment in the Bronx, New York (the "Gonzalez Residence").  Physical surveillance conducted by law enforcement revealed that the mailbox for the Gonzalez Residence lists the name "Gonzalez."

---

peer file sharing over the Internet, which allows users of P2P software to collect and share, with other Internet users, large numbers of files containing music, text, graphics, images and movies, including child pornography.

3

      4.    Based on my conversations with other law enforcement officers and my review of records maintained by law enforcement, as well as my review of a judicially authorized search warrant, I have learned that on or about May 6, 2014, the Honorable James C. Francis IV issued a search warrant authorizing law enforcement to search the Gonzalez Residence, including electronic devices found therein.

      5.    Based on my conversations with other law enforcement officers and my review of records maintained by law enforcement, I have learned that on or about May 7, 2014, law enforcement executed the above-mentioned search warrant at the Gonzalez Residence. In the course of executing the search warrant, law enforcement read LUIS GONZALEZ, the defendant, his *Miranda* rights. GONZALEZ waived his *Miranda* rights and elected to speak to law enforcement. He was interviewed during and after the execution of the search warrant, and stated, in substance and in part, the following:

          a.    GONZALEZ lives with his wife and three children at the Gonzalez Residence. His children are ages 8, 4, and 1. There is a desktop computer at the residence that he, his wife and his children use; however, each user has his or her own password and account.

          b.    GONZALEZ has never purposely watched child pornography.

          c.    GONZALEZ has searched for adult pornographic materials on the Internet using the search term "pthc" before, without knowing what that term meant. GONZALEZ erased any depictions of child pornography that his searches yielded after seeing what they were.

      6.    I have reviewed a report prepared by law enforcement (the "Report") that summarizes, in substance and in part, a forensic examination that law enforcement conducted on the computer in the Gonzalez Residence after the desktop was seized during the execution of the search warrant. The forensic examination revealed that the desktop has three user-generated accounts: (1) "El Jefe," (2) an account in the name of LUIS GONZALEZ's, the defendant's, wife, and (3) an account in the name of GONZALEZ's 8-year-old son. Based on my review of the Report, I have learned, among other things, the following:

          a.    The forensic examination revealed that the user of the "El Jefe" account had searched for files over the internet, through P2P file-sharing software, using the following

4

search terms, among others: "8 yo pthc," "9 yo pthc," "11yo pthc," "12yo pthc," and "lolitas."

   b. A sub-folder on the El Jefe account contained a video of a small child dancing in a sexually suggestive manner with, and hitting the buttocks of, an adult female. The same sub-folder contained a video of what appears to be a young adult or adolescent male having intercourse with a dog.

   c. Files that were at one time present on the El Jefe account, but that had been deleted before the forensic examination took place and were recovered by law enforcement conducting the examination, included, but were not limited to, an image of a minor female performing oral sex on an adult male, and an image of a minor female exhibiting her genitalia to the camera.

  7. Based on my review of the Report, I have learned that a laptop computer seized from the Gonzalez Residence during the execution of the search warrant was also found to contain deleted materials containing child pornography. These materials included, but were not limited to, an adult male performing oral sex on a child.

 WHEREFORE, I respectfully request that a warrant be issued for the arrest of LUIS GONZALEZ, the defendant, and that he be imprisoned or bailed, as the case may be.

_____
Keri Walden
Special Agent
Homeland Securities Investigations

Sworn to before me this
28th day of October, 2015

_____
HON. JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5